Margaret GRABAU, Plaintiff
and Appellant,

v.

REPUBLIC NATIONAL LIFE INSURANCE
COMPANY, a corporation, De-
fendant and Respondent.

Civ. No. 8381.

Supreme Court of North Dakota.

March 17, 1967.

Mackenzie & Jungroth, Jamestown, for plaintiff and appellant.

Hjellum, Weiss, Nerison & Jukkala, Jamestown, for defendant and respondent.

PAULSON, Judge.

Plaintiff commenced an action as sole beneficiary of a group life and accident policy issued upon the life of Kenneth E. Grabau, her husband. The accident portion of the policy provided for benefits in the principal sum of $4,500. The life insurance in the sum of $4,500 was paid, but payment under the accidental bodily injury provision was refused and this suit was brought to recover the same. The defendant answered, denying that Kenneth E. Grabau sustained any bodily injury which resulted in his death, and that accidental bodily injury was not the sole cause of the death of the insured.

This case was consolidated for trial with the case of Grabau v. Hartford Accident & Indemnity Co., 149 N.W.2d 361 (Case No. 8382 of this court), and was tried to the court. Judgment of dismissal of plaintiff's action was entered and plaintiff appealed and demanded a trial de novo. The insuring provision of this policy reads as follows:

"ACCIDENT SPECIFIC LOSS
BENEFIT

"If accidental bodily injury is the sole cause of any of the following losses, within 120 days from date of accident, the Company will pay the Principal Sum specified in the Schedule of Insurance:

"Loss of life. * * *"

The court having determined in Grabau v. Hartford Accident & Indemnity Co., 149 N.W.2d 361 (Case No. 8382) that death was not caused by an accident nor due to accidental means, the facts being the same in that case as in this case, the decision in that case controls in this case and requires the conclusion that accidental bodily injury was not the sole cause of death in this case.

The judgment of the district court in dismissing the action is affirmed.

TEIGEN, C. J., and STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.